UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Emad Abdalla,<br><br>                    Plaintiff,<br><br>     v.<br><br>The United States of America,<br><br>                    Defendant. | 23-cv-03551 (NRM) (VMS)<br><br>**MEMORANDUM AND ORDER** |

NINA R. MORRISON, United States District Judge:

  Plaintiff Emad Abdalla brings claims against Defendant the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), seeking damages for serious injuries and property damage he says he incurred as a result of a motor vehicle accident caused by an employee of the United States Army (the "Army") while said employee drove a government-owned vehicle in October 2022.

  Defendant moves to dismiss for lack of subject matter jurisdiction. Specifically, Defendant argues that Plaintiff failed to satisfy the FTCA's presentment requirement, which requires plaintiffs to present any tort claims to the appropriate federal agency prior to filing suit. While all parties agree that Plaintiff timely submitted a Standard Form 95, Claim for Damage, Injury, or Death, (SF-95) to the appropriate agency, Defendant contends that Plaintiff did not provide enough

1

specificity in his claim to satisfy the presentment requirement.[1]  The Court agrees.  For the reasons to follow, Plaintiff's submission of an SF-95 to the Army was not sufficient to satisfy the presentment requirement.  Accordingly, the Court grants Defendant's motion to dismiss without prejudice.

## BACKGROUND

On October 31, 2022, Abdalla filed an SF-95 with the U.S. Army Claims Service.  Abdalla SF-95, Gov't Ex. A, ECF No. 13-1.  In the section titled "Basis of Claim," he stated that he "was the driver of Veh. 1, on George Washington Bridge, New York side, when a vehicle behind me, operated by Kofi O. Serebour, Staff Sergeant, US Army, struck me from the rear."  *Id.* at 3.[2]  Under the section titled "Property Damage," he indicated only that there was damage "to the back of my Grey, 2013 Toyota."  *Id.*  And in the personal injury section he stated as follows: "Multiple serious bodily injuries, the full extent of which is unknown, but which includes back, head, neck and left leg, as well as other injuries to body and limbs."  *Id.*  The form claimed six thousand dollars in property damage and two million dollars in damages for "personal injury."  *Id.*

---

[1] Defendant also argues that, to the extent the Army and Kofi Otou Serebour are construed as Defendants, this is improper as the only proper defendant in an FTCA case is the United States.  *See* Gov't Br. at 9–10, ECF No. 14; *see also Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) (explaining that the United States itself is the only proper defendant in an FTCA suit).  Plaintiff does not dispute this contention.  *See* Abdalla Br. at 6, ECF No. 17.  Thus, any claims that could be construed against the Army or Kofi Otou Serebour are dismissed.

[2] Pincites refer to page numbers generated by CM/ECF, and not the document's internal pagination.

2

The SF-95 came with a cover letter from the Law Offices of William Pager, indicating that the firm "represents [Emad Abdalla]" and with the instruction to "acknowledge [the firm's] representation and forward any/all future correspondence to [the firm's] attention." *Id.* at 2. The letter did not contain, nor attach, further "evidence . . . establishing express authority to act for the claimant," as required by the instructions on the SF-95 form. *Id.* at 4.

What transpired next is debated in the parties' moving papers, although it is largely irrelevant to the question of whether Abdalla's presentment of his claim was adequate. Alma L. Whitelaw, an Attorney Advisor at the Army's Fort Hamilton Installation Legal Office, submitted a declaration with the Defendant's motion to dismiss indicating that upon receiving the SF-95, the Army determined that "there were deficiencies in the information presented." Whitelaw Decl. at 2, ECF No. 13. The Army sent a letter to Abdalla asking him to provide a police report, no fault insurance contact information, an estimate for the property damage, medicals from the last five years, his current telephone, and a signed attorney agreement. *See* Letter to Abdalla at 2, Gov't Ex. C, ECF No. 13-3. It also sent an email to the Law Offices of William Pager asking for similar information and indicating that the Army could not "continue to reply to [the firm] regarding the claim of Emad H. Abdalla" without a representative agreement or retainer. *See* Email to Pager at 2, Gov't Ex. D, ECF No. 13-4. Plaintiff does not dispute either of these communications were sent,[3] but does

---

[3] While not directly disputing that both these communications were sent, Plaintiff argues that Defendant's representations that it made efforts to contact the Law Offices of William Pager are "discredited" because if the Army knew he was

3

dispute that the information sought by the Army had not previously been provided. *See* Abdalla Br. at 8–9, ECF No. 17. Specifically, Plaintiff contends that he wrote his insurance policy details on the SF-95 form, which was sufficient contact information for his no-fault insurer, that he did not send police or medical records because none had been generated at that point, and that he was not required to provide a retainer agreement under the statute's presentment requirements. *Id.*

The Army then received a letter from Mr. William Pager and called his law office, informing a person at the office of the items the Army required for Abdalla's claim. Whitelaw Decl. ¶ 8. Though that person stated the information would be submitted shortly, the Army did not receive a response. *Id.* ¶¶ 8–9. About one month later, on January 9, 2023, a person who identified themselves as Joseph Medic left the Army a voicemail claiming to be a lawyer from the Law Offices of William Pager and identifying Abdalla's claim number, asking for a return call. *Id.* ¶ 10. When Ms. Whitelaw returned the call the next day, the person who answered told Ms. Whitelaw that Mr. Medic was not available and that she would let him know Ms. Whitelaw had called. *Id.* ¶ 11. Mr. Medic left a voicemail for the Army on January 11, and when Ms. Whitelaw called back the same day, she was informed that Mr. Medic was again unavailable. *Id.* ¶ 12. According to Ms. Whitelaw, the Army did not receive any further communication from the Law Offices of William Pager. *Id.* ¶ 13.

---

represented by counsel, then Defendant violated the New York Rules of Professional Conduct by sending a letter to Plaintiff directly. *See* Abdalla Br. at 7–8, ECF No. 17.

4

In May of 2023, Plaintiff filed suit in this Court against the United States pursuant to the FTCA.  *See* Compl. at 1, ECF No. 1.  In it, he indicated that on November 4, 2022, he "served upon the United States Army [a] Claim for Damage, Injury, or Death," and as of May 11, 2023, the Army "failed to respond and/or adjust it in a timely fashion, pursuant to 28 U.S.C.A. § 2675." *Id.* at 2.  In the Complaint, Plaintiff does not provide any more details than he did on his SF-95 as to the specifics of his injuries or the damage to his 2013 Toyota motor vehicle. *See id.* at 6–7.  He claims five million dollars in damages for "personal injury" and ten thousand dollars in damages to his vehicle. *Id.*

On November 15, 2023, Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See generally* Gov't Br., ECF No. 14.  In it, Defendant argues that the action should be dismissed as Plaintiff failed to satisfy the presentment requirement, and thereby failed to administratively exhaust his claims, before bringing them to this Court under the FTCA. *See id.* at 6.

## LEGAL STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).  In resolving such a motion, district courts are empowered to "refer to evidence outside the pleadings."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

5

Additionally, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

## DISCUSSION

Defendant moves to dismiss the Complaint because it argues that Plaintiff has not satisfied the FTCA's presentment requirement, which is a prerequisite to this Court's jurisdiction. Specifically, Defendant argues that the generalized assertion as to damages in Plaintiff's notice of claim violates well-settled law requiring FTCA claimants to identify their damages with specificity, in order to give the United States a fair opportunity to investigate the surrounding circumstances and any claimed damages in advance of litigation. The Court agrees.

### I. FTCA Presentment Requirement

"'[S]overeign immunity' protects the United States from suit unless Congress specifically abrogates that immunity by statute." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). The FTCA, which states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances," expressly waives the United States' sovereign immunity. 28 U.S.C. § 2674; *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021). However, the FTCA's sovereign immunity waiver "is subject to a jurisdictional prerequisite." *Collins*, 996 F.3d at 109. That is, a tort action against the United States "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see also Dominguez v. Chornoma*, No. 23-cv-2593 (ENV) (RER),

2023 WL 3366619, at *1 (E.D.N.Y. May 10, 2023) ("Article III courts have no jurisdiction over FTCA claims that have not been administratively exhausted.").

Because the presentment requirement is jurisdictional, it cannot be equitably tolled. *See United States v. Wong*, 575 U.S. 402, 408–09 (2015); *see also Beretin v. United States*, 22-cv-7570 (RPK) (MMH), 2024 WL 707282 at *2 (E.D.N.Y. Feb. 21, 2024) (stating that as the presentment requirement is jurisdictional, it "consequently cannot be equitably tolled"). Proper presentment is important because it empowers the government agency to "investigate, evaluate and consider settlement of a claim." *Pina v. United States*, 20-cv-1371 (PAE) (BCM), 2021 WL 2019003 at *3 (S.D.N.Y. Apr. 20, 2021) (quoting *Furman v. U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004)).

The "mere act of filing a SF-95 [notice of claim] does not necessarily fulfill the presentment requirement." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) ("*Romulus II*"), *aff'g* 983 F. Supp. 336 (E.D.N.Y. 1997) ("*Romulus I*"). This is because a claimant "must provide a reviewing agency with sufficiently specific information as to the basis of the claim, the nature of the claimant's injuries, and the amount of damages sought such that the agency can reasonably understand what it must investigate to determine liability, to value the claim, and to assess the advisability of settlement." *Collins*, 996 F.3d at 119. Therefore, mere "conclusory statements which afford the agency involved no reasonable opportunity to investigate" will not satisfy this jurisdictional hurdle. *Romulus II*, 160 F.3d at 132.

It is important to note, however, that "the presentment requirement [is] one of notice, not proof." *Collins*, 996 F.3d at 110. As such, the Second Circuit has confirmed that presentment does *not* "require[] an administrative claimant to supply the agency with supporting evidence referenced in regulations promulgated pursuant to 28 U.S.C. § 2672." *Id.* at 114–115. Thus, while a claimant must provide enough information such that an agency can sufficiently investigate a claim, that information need not necessarily be in the form "specific regulatory-defined evidence." *id.* at 115.

## II. Application

Defendant maintains that Plaintiff "failed to provide adequate specificity for notice" either in the SF-95 or in response to the Army's follow up inquiries. Gov't Br. at 12. Plaintiff focuses his opposition on the fact that the *Collins* court specifically held that supporting documentation is not essential to satisfy the presentment requirement. *See* Abdalla Br. at 10. Additionally, Plaintiff argues that the Army did not make sufficient "efforts to obtain the information they claimed to seek" in that, according to Plaintiff, the only steps the Army took to obtain that information after receiving the SF-95 were two phone calls by Ms. Whitelaw to the Law Offices of William Pager and a letter written directly to Abdalla, which Plaintiff argues was improper. *Id.* at 10–12

Addressing Plaintiff's argument about the Army's efforts to obtain information first: while there have been many cases in which an agency has reached out to an FTCA claimant informing them that their claim was insufficient, "no court [has] found a statutorily mandated duty to solicit further information from an FTCA

8

claimant." *Guzman v. U.S. Postal Serv.*, 21-cv-4415 (LAK) (RWL), 2022 WL 17169529, at *7 (S.D.N.Y. Nov. 17, 2022). In fact, contacting a claimant to address potential deficiencies in the notice, including to seek further documentation, has been referred to as a "courtesy," as "[t]he Government is under no obligation to solicit information to ensure that jurisdiction is proper." *Donahue v. U.S. Transp. Sec. Admin.*, 457 F. Supp. 2d 137, 143 (E.D.N.Y. 2006) (ADS) (AKT). Ultimately, it is the claimant's burden to "provide the appropriate agency with sufficient notice of his claim to permit the agency to conduct an inquiry into the merits of his demand for compensation." *Collins*, 996 F.3d at 110. Thus, Plaintiff's argument that the Army's attempts to contact his attorney were insufficient is irrelevant to the presentment analysis.[4]

Turning to the crux of Defendant's motion, this Court finds that the SF-95 notice submitted to the Army by Abdalla was not sufficient to satisfy the FTCA's jurisdictional presentment requirement. Plaintiff's SF-95 contains no more than vague and conclusory descriptions of his injuries and the damage to his vehicle. When describing his personal injuries, Plaintiff stated that he incurred "[m]ultiple serious bodily injuries" from the accident. Abdalla SF-95 at 3. At the time of filing, Plaintiff stated that "the full extent of [these injuries] is unknown, but which includes back,

---

[4] This is not to say that a claimant cannot later remedy a SF-95 which insufficiently presented his claim with further information that would give the agency a "reasonable opportunity to investigate." *Romulus II*, 160 F.3d at 132. But it is not the federal agency's burden to elicit that information from the claimant, who has an independent obligation to satisfy the presentment requirement in his or her own filings.

9

head, neck and left leg, as well as other injuries to body and limbs." *Id.* In recounting the damage to his vehicle, he indicated only that there was damage "to the back of [his] Grey, 2013 Toyota." *Id.* Abdalla has not alleged that he provided the Army with any additional details concerning his personal injuries or property damage in the six months between his submission of the SF-95 and his filing of the instant lawsuit.

The facts in this case bear a striking similarity to those in *Romulus I*, where one of the plaintiffs submitted an SF-95 to a federal agency after a vehicle accident with a federal employee, did not identify the offending driver, and reported injuries to her "head, body, and extremities, [as well as] pain and suffering, and emotional distress." *Romulus I*, 983 F. Supp. at 337. Her co-plaintiff and spouse wrote in his claim that, from the same accident, he sought $100,000.00 for "loss of services," and $3,500.00 for damage to the vehicle. *Id.* In that case, the district court found that this dearth of details in presentment made it "essentially impossible to evaluate the claim" and dismissed the plaintiffs' case for lack of subject matter jurisdiction. *Id.* at 342–43. To be sure, Abdalla, unlike the plaintiffs in *Romulus I*, identified the driver of the Army vehicle. *See* Abdalla SF-95 at 3. However, this only distinguishes his case from *Romulus I* in that he may have given the Army sufficient information to investigate the *liability* aspect of his claim. This Court can find no discernable difference, however, in Abdalla's generalized description of his injuries and those of the plaintiff in *Romulus I*. And as in *Romulus I*, under established Second Circuit precedent, the information provided was insufficient "to alert [the Army] to the scope

10

of [Abdalla's] alleged injuries and to permit an investigation in order to value [his] claim." *Collins*, 996 F.3d at 113.

Abdalla argues that he should not be required to provide certain supporting documentation, such as medical records and police reports, to satisfy the presentment requirement because those documents did not exist at the time he filed his SF-95. *See* Abdalla Br. at 8–10. It is true that the Second Circuit has held that a claimant is not *necessarily* required to provide supporting documentation, as "[a]n FTCA claimant who provides a sufficiently specific narrative need not also submit substantiating evidence to satisfy presentment." *Collins*, 996 F.3d at 119. However, Abdalla's argument ignores the requirement that the claimant "provide[] a sufficiently specific narrative." *Id.* In *Collins*, where the Circuit found that the supporting documentation requested from an agency was not necessarily required to satisfy presentment, the claimant in that case had "identifie[d] seven bone fractures by location: one in [claimant's] left knee, three to his front ribs, and three to his back ribs." *Id.* at 112. He also reported "a possible fracture to [claimant's] left elbow, chest and blood infections, and equilibrium issues." *Id.* Additionally, the claimant in *Collins* provided the federal agency with documents from Huntington Hospital, where the claimant had received treatment for his claimed injuries. *Id.*

Thus, under *Collins*, while Abdalla is correct that he was not necessarily required to provide the Army with hospital or police records, he was still required to provide the Army with *some* information to evaluate the basis for his claimed damages. Abdalla's "vague" and "conclusory" statements regarding his injuries and

11

property damage "fail[ed] to 'put [the Army] on notice . . . of the immediate' injuries and of potential 'recovery challenges,'" and they certainly did not "alert [the Army] to the scope of [his] alleged injuries." *Ruffin v. United States*, 20-cv-4128 (ST), 2021 WL 4408039, at \*4 (E.D.N.Y. Sep. 27, 2021) (quoting *Collins*, 996 F.3d at 113). This Court's review of other post-*Collins* cases in this Circuit confirm that Abdalla's SF-95 form did not satisfy the bare minimum that courts have found is required to meet the presentment requirement. *See Beretin*, 2024 WL 707282, at \*1–2 (holding that an SF-95 form claiming "severe permanent personal injuries, the full extent of which are not presently known, but include, upon information and belief, severe and permanent injuries to [claimant's] both ankles, both shoulders, right knee, neck and back" was insufficient to satisfy the presentment requirement); *Harrison v. United States*, 707 F. Supp. 3d 245, 247, 249 (E.D.N.Y. 2023) (EK) (MJ) (concluding that an SF-95 which indicated "bodily injuries including but not limited to the right leg and right knee" did "not constitute adequate presentment under the FTCA"); *Guzman*, 2022 WL 17169529, at \*5 (finding that claimant's writing of "serious injuries to his head, neck, shoulders, arms, hands and back" did "not provide sufficient information about the nature of the injuries he sustained in the collision" to satisfy the presentment requirement); *Ruffin*, 2021 WL 4408039, at \*3–4 (explaining that an SF-95 which claimed injuries to "[right] side neck [and] shoulder; mid[dle] [and] lower back" was not sufficient to satisfy the presentment requirement (alteration in original)).

Thus, because Plaintiff failed to administratively exhaust his claims as required under 28 U.S.C. § 2675(a), this action must be dismissed for lack of subject

12

matter jurisdiction. The dismissal is without prejudice, as "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999).

### III.   Implications of Counsel's Deficient SF-95

Unfortunately for Abdalla, the presentment requirement is both jurisdictional and strict: failure to provide sufficient pre-filing notice to the United States requires the Court to dismiss his entire lawsuit, regardless of its potential underlying merits. This outcome might well have been avoided had his original SF-95 simply included enough of a narrative as to his specific injuries to give the Army some basis on which to evaluate his claim. And while Abdalla bears the consequences, this outcome may not stem from any fault on Abdalla's part. Rather, as his counsel's filings in this Court make clear, it was the Law Offices of William Pager (the "Firm") who "served the U.S. Army with an SF-95." Abdalla Br. at 6. Additionally, given the amount of ink spilled in his opposition papers admonishing the Army for sending a letter to Abdalla himself asking for additional information instead of directing all communication to his counsel, it appears that Abdalla may have been similarly advised by his counsel not to communicate directly with the Army. *See, e.g., id.* at 7–8 ("In a blatant violation of the Rule 4.2(a) or(b) [sic] of the New York Rules of Professional Conduct (22 NYCRR 1200 et seq), the U.S. Army admit that they wrote directly to the claimant . . . ."). While it is of course true that parties are not authorized to contact represented opposing parties, even if the purpose of contacting said party is to obtain more information to evaluate a claim, this rule can severely

13

prejudice a represented party where counsel has failed to "act with reasonable diligence and promptness in representing [their] client." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 1.3(a).

The opposition papers filed by the Law Offices of William Pager admit that the Army, through Ms. Whitelaw, called the Firm twice, seeking more information as to Abdalla's claim. *See* Abdalla Br. at 11–12. While the Firm notes that an attorney with the Firm named Joseph Medic called the Army back, it claims that Ms. Whitelaw was "unavailable to speak with him" at the time he called. *Id.* at 12. Troublingly absent from the Firm's vigorous opposition to the motion on Plaintiff's behalf is any explanation as to why neither Mr. Medic nor any other representative of the Firm simply called the Army back the following day or week, nor took any further steps to follow up with the Army regarding the purported deficiencies in Abdalla's SF-95 — even though the Firm was no doubt aware that failure to provide the Army with sufficient notice as to the basis of its client's administrative claim could result in dismissal. Instead, the Firm's brief puts the blame on the Army, stating that "[t]he U.S. Army did not follow these calls with either a letter or an email, as would be logical or expected." *Id.* In fact, the Army's request for additional information relating to Abdalla's injuries, was, as discussed *supra*, a "courtesy," *Donahue*, 457 F. Supp. 2d at 143, and it is just as "logical or expected" that Plaintiff's own attorneys would have taken it upon themselves to do more than make one or two unreturned calls to find out why the Army had made a post-filing inquiry about the allegations in the original SF-95 form they had filed on Plaintiff's behalf.

14

It is by no means a new or novel concept of law that Abdalla's SF-95 claiming "[m]ultiple serious bodily injuries, the full extent of which is unknown, but which includes back, head, neck and left leg, as well as other injuries to body and limbs" was insufficient to satisfy the FTCA's presentment requirement. Abdallah SF-95 at 3. *Romulus I*, which was affirmed by the Second Circuit in *Romulus II*, 160 F.3d at 132, and was relied upon by the Second Circuit in *Collins*, 996 F.3d at 110–12, held that a claimant citing injuries to the "head, body, and extremities, [as well as] pain and suffering, and emotional distress" was not sufficient to satisfy presentment. *Romulus I*, 983 F. Supp. at 337, 343. This has been established law concerning the FTCA's presentment requirement in the Second Circuit for more than two decades. Even though, in 2021, *Collins* explicitly held that supporting evidence was not necessarily required to satisfy presentment, it did not overrule *Romulus I*. Indeed, the *Collins* court reaffirmed that sufficient information must be presented at the notice stage, "whether by narrative, evidence, or other means." *Collins*, 996 F.3d at 114. Any attorney reasonably familiar with this area of law would be aware that the generalized assertions in Abdalla's SF-95 fall well short of this standard.

More specifically, the attorneys at this particular law firm should be intimately familiar with the presentment requirement of the FTCA. Indeed, this Court has identified no fewer than nine FTCA cases filed in the last thirteen years by the Law Offices of William Pager in the Eastern District of New York alone. *See Thermidor v. United States of America*, 24-cv-4764 (HG) (E.D.N.Y. filed July 9, 2024); *Souza Lima Viana v. United States of America*, 24-cv-3118 (RER) (JAM) (E.D.N.Y. filed Apr.

15

25, 2024); *Harding v. United States of America*, 22-cv-1407 (OEM) (RER) (E.D.N.Y. filed Mar. 14, 2022); *Tonyali v. United States of America*, 21-cv-6809 (DG) (MMH) (E.D.N.Y. filed Dec. 8, 2021); *Safonova v. United States of America*, 15-cv-5580 (CBA) (PK) (E.D.N.Y. filed Sep. 28, 2015); *Sergutin v. United States of America*, 15-cv-1147 (RJD) (SJB) (E.D.N.Y. filed Mar. 5, 2015); *Wallace v. United States of America*, 14-cv-3660 (BMC) (E.D.N.Y. filed June 10, 2014); *Korotkova v. United States of America*, 12-cv-2436 (SJ) (RML) (E.D.N.Y. filed May 15, 2012); *Varshavskiy v. United States of America*, 12-cv-1944 (MKB) (RLM) (E.D.N.Y. filed Apr. 20, 2012). Yet even with extensive experience litigating FTCA claims, the Firm seems to have failed to do the bare minimum as required by established law to present Abdalla's claim and preserve his right to sue for damages.

Nor is this the first time that the Law Offices of William Pager has been specifically admonished for using "conclusory language to allege negligence by the government and serious injury to the Plaintiff" in an FTCA case. *See, e.g., Korotkova v. United States*, 990 F. Supp. 2d 324, 330 (E.D.N.Y. 2014) (SJ). In *Korotkova*, Judge Johnson dismissed the Firm's Complaint in an FTCA case involving a fall at an ice-skating rink because of deficiencies that echo those in the SF-95 in Abdalla's case: because the Complaint included "[n]o facts . . . as to the nature or extent of the injury." *Id.* The court then went on to note that as of 2014, the Firm had at least three other cases in this district "that have identical jurisdictional defects and similarly unpled claims," and put counsel "on notice that filing frivolous, vexatious, harassing, or duplicative claims constitutes sanctionable conduct." *Id.* at 331. Thus, as far back

16

as a decade ago, the Firm was on notice that, in Judge Johnson's words, "enough is enough" when it came to the Firm's deficient filings on behalf of its FTCA clients. *Id.* And yet the Firm appears to have continued this pattern.[5]

This record raises a serious question as to whether Abdalla would have been better off if he had no lawyer at all. Had he proceeded *pro se*, he at least might have responded to the Army's requests for more information rather than relying on his counsel to do so (or in this case, failing to do so). "To prevail on a claim for legal malpractice under New York law, a plaintiff must establish: (1) attorney negligence; (2) which is the proximate cause of a loss; *and* (3) actual damages." *Nordwind v. Rowland*, 584 F.3d 420, 429 (2d Cir. 2009) (internal quotation marks omitted). To satisfy the first prong of this test, "a plaintiff must prove that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community." *Cannistra v. O'Connor*, 728 N.Y.S.2d 770, 772 (N.Y. App. Div. 2001). And New York courts have found that an attorney's failure to diligently pursue a client's claim, such that the client loses any right to pursue the claim, can be considered malpractice. *See, e.g., Gardner v. Sacco & Fillas, LLP,* 189 N.Y.S.3d 725, 726 (N.Y. App. Div. 2023) (affirming denial of motion for summary judgment against legal malpractice claim that alleged plaintiff's attorneys "fail[ed] to

---

[5] Indeed, in another of the Firm's recent cases in this District, *Souza Lima Viana v. United States of America*, also a claim from an alleged motor vehicle accident, it simply pleads "severe and permanent injuries" for the plaintiff's personal damages, and broadly claims damages of five million dollars for these injuries — just as in the instant case. Complaint ¶¶ 43, 48, *Souza Lima Viana*, 24-cv-3118 (RER) (JAM) (E.D.N.Y. filed Apr. 25, 2024).

17

timely file a personal injury action on his behalf"); *Prout v. Vladeck*, 316 F. Supp. 784, 798 (S.D.N.Y. 2018) (JSR) ("An attorney's negligence in allowing a statute of limitations to run constitutes malpractice under New York law.").

To be sure, whether the Firm committed legal malpractice, and whether Abdalla was actually injured by any actions or inactions on the Firm's part (since this Court has not considered, and takes no view on, the potential merits of his underlying tort claim against the United States), are issues that are not before this Court. The Court would be remiss, however, if it simply dismissed Plaintiff's entire lawsuit without noting the considerable record evidence that his retained counsel may be largely if not entirely responsible for that outcome — particularly since this is not the first time that one of the Firm's FTCA clients has been similarly penalized in this district.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is granted and this case is dismissed without prejudice for lack of subject-matter jurisdiction. *See Katz v. Donna Karan Company, L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (internal quotation marks and alterations omitted)).

SO ORDERED.

                                                 */s/Nina R. Morrison*
                                                 NINA R. MORRISON
Dated: January 29, 2025               United States District Judge
Brooklyn, New York